IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARTRELL KIMBLE,

Plaintiff,

v.

JOHN DOE 1-4,

Defendants.

OPINION AND ORDER

25-cv-6-wmc

---

Plaintiff Cartrell Kimble, a state prisoner representing himself, filed this lawsuit alleging that defendants John Doe 1-4 were deliberately indifferent to his threats of self-harm in violation of his Eighth Amendment rights. Because Kimble is a prisoner who seeks to proceed without prepayment of the entire filing fee, the next step is for this court to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B) and 1915A. For purposes of screening Kimble's complaint, the court accepts his allegations as true and construes them generously, holding his pro se complaint to less stringent standards than one that a lawyer would draft. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the reasons explained below, Kimble is DENIED leave to proceed on Eighth Amendment deliberate indifference claims.

ALLEGATIONS OF FACT

While incarcerated at Columbia Correctional Institution ("CCI") on an unspecified date, plaintiff informed a CCI prison guard, defendant John Doe 1, that he was "suicidal

and about to engage in self-harm." (Dkt. # 1, at 2.) After receiving this information, John Doe 1 "walked away ignoring plaintiff['s] suicidal ideation." (*Id.*) At some point after John Doe 1 walked away, plaintiff began harming himself in front of two CCI Sergeants, defendants John Doe 2 and 3.[1] They both "watch[ed] plaintiff engage in self-harm and didn't make any attempt to stop the plaintiff." (*Id.*) Finally, defendant John Doe 4, a CCI Lieutenant, arrived and was informed that plaintiff was engaging in self-harm, which he then personally observed. However, he made no attempt to "offer plaintiff medical attention" or to stop him using methods such as "deploy[ing] OC spray." (*Id.* at 3.) During and after this self-harm incident, plaintiff alleges that he was never "put on observation," "offered medical attention," nor spoke to anyone from the psychological services unit. (*Id.*)

OPINION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

[1] Although plaintiff names a John Doe 3 in his complaint caption (dkt. #1, at 1-2) plaintiff fails to address John Doe 3 when discussing the conduct of each defendant. Instead, two separate, identical allegations are made regarding John Doe 2. The court will assume that the second set of allegations naming a second John Doe 2 was intended to reference John Doe 3, but plaintiff should clarify each defendant's specific involvement in his amended complaint, if he chooses to file one.

Plaintiff's complaint alleges that all defendants violated his Eighth Amendment rights, which requires him to "allege [1] an objectively serious medical condition and [2] an official's deliberate indifference to that condition." *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). In the context of self-harm, the Seventh Circuit has specifically held that "[a] genuine risk of suicide or self-harm is an objectively serious medical condition, so the failure to respond to and mitigate a meaningful risk of either may amount to deliberate indifference." *Whitaker v. Dempsey*, 144 F.4th 908, 925 (7th Cir. 2025).

Plaintiff has generally alleged that four CCI correctional officers of varying rank were told of his threats and observed his acts of self-harm but ignored him. However, plaintiff has not alleged any specifics as to *when* these events unfolded or the location within the prison *where* the alleged self-harm occurred. Without this information, defendants do not have fair notice of plaintiff's claims against them because his allegations could refer to conduct by any CCI correctional officer at any time during his confinement.[2] Because plaintiff's complaint fails to provide fair notice to defendants, it must be dismissed for failure to comply with Rule 8.

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). The court will grant plaintiff a 30-day window to file an amended complaint. To comply with Rule 8, plaintiff must provide notice to defendants of what they are accused of doing, where the complained of actions occurred, and the nature and

---

[2] If plaintiff is unable to provide the defendants' names, this lack of detail about the date and time of these events or plaintiff's cell assignment will also make it difficult to identify the John Doe defendants or the shift they were assigned.

extent of any damage or injury the actions caused. Additionally, plaintiff must allege *when* the events outlined in his complaint took place, including the time, date, month, and year, to the best of his recollection. Plaintiff is advised that any amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B), and that any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Cartrell Kimble is DENEID leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice, for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff has until **October 16, 2026**, to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 16th day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge